**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: January 5 2018

John P. Gustafson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 16-31836 |
| | ) | |
| Jeffrey Scott Beatty, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 16-03140 |
| | ) | |
| Carter-Jones Lumber Co., | ) | Hon. John P. Gustafson |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Jeffrey Scott Beatty, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDER
### GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on a Motion for Summary Judgment ("Motion") filed by Plaintiff Carter-Jones Lumber Co. ("Plaintiff"), a creditor in the underlying Chapter 7 case. [Doc. # 19]. Defendant Jeffrey Scott Beatty ("Defendant-Debtor" or "Mr. Beatty") is the Chapter 7 Debtor. The Plaintiff's Motion seeks an order denying Defendant-Debtor's Chapter 7 discharge under 11 U.S.C. § 727(a)(2), (a)(4)(A), and (a)(5).

The district court has jurisdiction over the Defendant-Debtor's underlying Chapter 7 bankruptcy case as a case under Title 11 and over all proceedings arising in or related to that case,

including this adversary proceeding. 28 U.S.C. § 1334. The Chapter 7 case and all proceedings arising in or related to that case, including this adversary proceeding, have been referred to this court for decision under 28 U.S.C. § 157(a) and General Order No. 2012-07 of the United States District Court for the Northern District of Ohio. "Proceedings to determine objections to discharge are core proceedings that this court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(J)." *McDermott v. Kerr* (*In re Kerr*), 556 B.R. 343, 345 (Bankr. N.D. Ohio 2016); *see also, Peters v. Michael* (*In re Michael*), 433 B.R. 214, 220 (Bankr. N.D. Ohio 2010).

For the reasons that follow, Plaintiff's Motion for Summary Judgment will be granted.

## FACTUAL BACKGROUND

The following facts are undisputed. On June 2, 2016, Debtor filed a petition ("Petition") for relief under Chapter 7 of the Bankruptcy Code. [Case No. 16-31836, Doc. # 1].[1] During the 341 hearing held on August 16, 2016, Defendant-Debtor revealed that he failed to schedule a number of assets and transfers. [Doc. #19, Pl. Ex. 3]. Specifically, Mr. Beatty admitted that he had failed to disclose possession of a vehicle. [*Id.*]. Initially, Defendant-Debtor asserted that the black Ford Mustang GT in his garage belonged to a friend. [*Id.*, pp. 16-18]. Upon further questioning by the Trustee, he admitted that he owned the Mustang. [*Id.*]. Defendant-Debtor also admitted to owning various items of personal property not listed on the Petition, including an iPhone, a Wii game console, and an iPad. [*Id.*, pp. 20-21]. A list submitted by Mr. Beatty at a Rule 2004 examination held on April 28, 2017 further disclosed that he owned two televisions, a sound bar speaker system, and a laptop. [*Id.*, Pl. Ex. 7]. None of these assets that were belatedly disclosed at the 2004 examination had been listed on Defendant-Debtor's bankruptcy Schedules. [Case No. 16-31836, Doc. # 1, pp. 10- 16].

In addition, Defendant-Debtor identified some business interests and real estate transfers in Schedule A/B and his Statement of Financial Affairs, but not others. Specifically, he disclosed ownership interests in Trademark Roofing & Remodeling, LLC, Broadview Construction, LLC, and Broadview Builders, Ltd. [Doc. #1, pp. 10 - 16 & 41], but did not include his membership interest

---

[1] As permitted by Rule 56 (c)(3) of the Federal Rules of Civil Procedure, applicable in this adversary proceeding under Rule 7056 of the Federal Rules of Bankruptcy Procedure, the court takes judicial notice of the contents of its case docket and the Debtor's schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

2

in Beatty Enterprises, LLC, a real estate venture Defendant-Debtor entered into with his brother. [*Id.*, Pl. Ex. 4, p. 64]. Further, while Mr. Beatty listed an August 2015 transfer of a vacant lot located on Bellamy Road in Berlin Heights, Ohio [Case No. 16-31836, Doc. # 1, p. 39, Q. 18], he did not disclose other real estate transfers made within two years of his bankruptcy filing. Specifically, Defendant-Debtor had also transferred his ownership interests in two properties located in Sandusky to his brother in January of 2015. [Doc. #19, Pl. Ex. 3, pp. 25-27; Pl. Ex. 4, pp. 11, 59]. Neither of the Sandusky transfers were listed on Defendant-Debtor's Statement of Financial Affairs in response to Question No. 18. [Case No. 16-31836, Doc. # 1, p. 39, Q. 18].

Plaintiff also asserts that there is a substantial discrepancy between the minimal assets claimed on Defendant-Debtor's schedules and the sizable income reported in his 2014 and 2015 tax returns. [*Id.*, Pl. Ex. 8, 9, 10, 11]. In Schedule A/B, Defendant-Debtor listed assets consisting of $25.00 in cash, $400.00 in a checking account, and personal items with a total value of $4,525.00. [Doc. # 1, pp 12-14]. As recorded in PNC bank records authenticated by Defendant-Debtor at the Rule 2004 examination, Defendant-Debtor withdrew a total of $264,130.00 from Broadview Construction LLC and Broadview Builders Ltd. accounts during 2014 and 2015. [Doc. #19, Pl. Ex. 4, p. 90; Pl. Ex. 8]. The Schedules reflect that Mr. Beatty had a 100% ownership interest in both "Broadview Construction LLC" and "Broadview Builders Ltd". [Doc. #1, p. 14]. Mr. Beatty's 2014 and 2015 federal tax returns further indicate that Defendant-Debtor reported $302,408.00 in income during that two year period. [*Id.*, Pl. Ex. 4, p. 90-93; Pl. Ex. 10, 11]. Upon being questioned as to his various withdrawals and reported income during the Rule 2004 examination, Defendant-Debtor failed to provide any explanation as to where these monies had gone. [Doc. #19, Pl. Ex. 4, pp. 102-106].

In its Motion, Plaintiff asserts that the Defendant-Debtor's aforementioned omissions and inability to account for the discrepancy between the assets listed on his bankruptcy schedules and his significant past income are a basis for the denial of discharge under 11 U.S.C. § 727. [Doc. #19]. First, Plaintiff argues that Defendant-Debtor's failure to disclose ownership of the Ford Mustang and the false assertion that it belonged to a friend constitutes an intentional or reckless omission that concealed an asset from the estate under 11 U.S.C. § 727(a)(2). [*Id.*, ¶ 45]. Second, Plaintiff argues that Defendant-Debtor's omissions and attempt at concealing the Mustang should be held to be a false oath or account under 11 U.S.C. § 727(a)(4)(A). [*Id.*, ¶ 83]. Lastly, Plaintiff argues that Defendant-Debtor systematically withdrew large sums of money from owned business entities,

3

Broadview Construction, LLC and Broadview Builders, Ltd., and he cannot satisfactorily account for the loss or deficiency of those funds. [*Id.*, ¶ 107]. Accordingly, Defendant-Debtor's discharge should be denied under 11 U.S.C. § 727(a)(5). [*Id.*].

In response, Defendant-Debtor argues that his failure to properly list assets material to his bankruptcy case can be explained by the fact that the bankruptcy forms and schedules had been recently changed before Mr. Beatty filed his Chapter 7 case. [Doc. #20, pp. 4-5]. Defendant-Debtor also maintains that his failure to mention recent transfers of real property ought not subject him to a denial of discharge because said transfers were of over-encumbered real estate with no equity. [*Id.*, p. 3]. Finally, in response to the assertion that Defendant-Debtor has not explained satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities under Section 727(a)(5), counsel asserts that there is no evidence that Mr. Beatty's business records were deficient in comparison with "others in his industry." [*Id.*, p. 4].

A review of the record shows that Defendant-Debtor has not amended his Petition or supporting documents to include the various alleged omissions delineated in Plaintiff's Complaint.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party can discharge its initial burden of proof by either coming forward with evidence showing the absence of a genuine issue of material fact, or by "showing" that there is no such issue by pointing out to the court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325, 106 S.Ct. at 2554.

Where the moving party has met its initial burden, the adverse party "may not rest upon the

mere allegations or denials of his pleading but...must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id.* "The non-moving party, however, must provide more than mere allegations or denials ... without giving any significant probative evidence to support" its position. *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir.1998).

## SUMMARY JUDGEMENT

Denial or revocation of a debtor's discharge are extraordinary remedies that run contrary to the Bankruptcy Code's "fresh start" policy. *Smith v. Jordan (In re Jordan)*, 521 F.3d 430, 433 (4th Cir. 2008); *Yoppolo v. Sayre (In re Sayre)*, 321 B.R. 424, 426–27 (Bankr. N.D. Ohio 2004). A bankruptcy discharge is considered the heart of the Bankruptcy Code's "fresh start" policy. *Sayre*, 321 B.R. at 427. Thus, the statutory exceptions to discharge are generally to be strictly construed in favor of the debtor. *United States v. Storey*, 640 F. 3d 739, 743 (6th Cir. 2011); *Smith v. Jordan (In re Jordan)*, 521 F.3d 430, 433 (4th Cir. 2008). However,

> the very purpose of certain sections of the law, like 11 U.S.C. § 727(a)(4)(A), is to make certain that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs. The statutes are designed to insure that complete, truthful, and reliable information is put forward at the outset of the proceedings, so that decisions can be made by the parties in interest based on fact rather than fiction. As we have stated, "the successful functioning of the bankruptcy act hinges both upon the bankrupt's veracity and his willingness to make a full disclosure." Neither the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight.

*Boroff v. Tully (In re Tully)*, 818 F.2d 106, 110 (1st Cir. 1987) (citations omitted); *U.S. Trustee v. Halishak (In re Halishak)*, 337 B.R. 620, 630 (Bankr. N.D. Ohio 2005).

As the party seeking denial of Defendant-Debtor's discharge, the Plaintiff bears the burden of proof, *see*, Fed. R. Bankr. P. 4005, by a preponderance of the evidence. *See*, *McDermott v. Davis (In re Davis)*, 538 B.R. 368, 384 (Bankr. S.D. Ohio 2015); *Sayre*, 321 B.R. at 428.

Plaintiff seeks to have Defendant-Debtor's discharge denied under 11 U.S.C. § 727(a)(2), (a)(4)(A), and (a)(5). Each basis for denial of discharge will be discussed below.

## II. 11 U.S.C. § 727(a)(2)

Section 727(a)(2) provides that:

(a) The court shall grant the debtor a discharge unless–

5

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed–

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition[.]

Under this subsection, a plaintiff must prove the following two elements: "1) a disposition of property, such as concealment, and 2) 'a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property.'" *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000) (quoting *Hughes v. Lawson (In re Lawson)*, 122 F.3d 1237, 1240 (9th Cir. 1997)). "Under the broad definition of transfer in 11 U.S.C. § 101(54), even disposition of possession, custody or control could qualify as a transfer." *RES-GA Diamond Meadows, LLC. v. Robertson* (*In re Robertson*), 576 B.R. 684, 700 (Bankr. N.D. Ga. 2017). Concealment includes overt acts of disguise and "other conduct, such as placing assets beyond the reach of the creditors or withholding knowledge of the assets by failure to divulge owed information." 6 Collier on Bankruptcy ¶ 727.02[6][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2017) (citing *Village of San Jose v. McWilliams*, 284 F.3d 785 (7th Cir. 2002) (placing title to property in others' names and retaining beneficial interest)); *Keeney*, 227 F.3d at 682-83.

Here, the first § 727(a)(2) element is satisfied by Defendant-Debtor's failure to disclose the garaged Ford Mustang in the Statement of Financial Affairs [Case No. 16-31836, Doc #1, p. 40, q. 23] or on Schedule A/B. This constitutes concealment of estate property, particularly when viewed in concert with Defendant-Debtor's statement, made under oath in response to questioning by the Trustee at the 341 meeting, claiming that the vehicle belonged to a friend. [Doc. #19, Pl. Ex. 3, pp. 16-18]. Defendant-Debtor both failed to list the vehicle on the Schedules and Statement of Financial Affairs, and testified that he had no ownership interest in it by stating that it belonged to a friend. [*Id.*]. The failure to properly list his ownership of the Mustang, coupled with the false testimony that it belonged to a friend, improperly concealed the vehicle from the trustee, his creditors, and the court. *See*, *In re Blasingame*, 559 B.R. 692, 699 (B.A.P. 6th Cir. 2016) ("A debtor has a paramount duty to carefully consider all questions included in the Schedules and Statement of Financial Affairs and

6

see that each is answered accurately and completely") (quotation and citations omitted)..

The second § 727(a)(2) element is also satisfied by Defendant-Debtor's false statements to the Trustee when first questioned about the Mustang during the 341 meeting. Fraudulent intent is a factual issue determined by the court based on the totality of the circumstances. *Keeney,* 227 F.3d at 686; *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 724 (B.A.P. 6th Cir. 1999). It "requires that the debtor...made or failed to make the statement with the intention of being fraudulent." *Hunter v. Sowers (In re Sowers)*, 229 B.R. 151, 159 (Bankr. N.D. Ohio 1998). Demonstrating fraudulent intent requires a showing that a statement "involves a material representation that [Defendant-Debtor] know[s] to be false, or, what amounts to the same thing, an omission that [Defendant-Debtor] knows will create an erroneous impression." *Keeney*, 227 F.3d at 685. A reckless disregard for or indifference to the truth will also demonstrate fraudulent intent. *Id.* at 686; *Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992). Though a subjectively fraudulent intent is required, said intent can be inferred by review of the circumstances surrounding a debtor's objectionable actions. *Keeney*, 227 F.3d at 684 (citing *In re Snyder*, 152 F.3d 596, 601 (7th Cir. 1998)).

Even viewed in the light most favorable to Defendant-Debtor, Plaintiff has submitted strong evidence of Defendant-Debtor's subjective intent to deceive when he testified that the Ford Mustang in his garage belonged to a friend. [Doc. #19, Pl. Ex. 3, pp. 16-17]. Moments later, Defendant-Debtor admitted that he was actually the Mustang's owner. [*Id.*, p. 17]. Thus, the evidence presented by Plaintiff demonstrates that Defendant-Debtor knew that his prior statement, that the vehicle belonged to a friend, was false when he made it. Further, when considered alongside Defendant-Debtor's numerous other omissions from the Petition, Plaintiff has presented evidence of a pattern of either deliberate misstatements or, at the very least, a reckless disregard for the requirement of full and honest disclosure. *Hamo*, 233 B.R. at 725 (holding that fraudulent intent can be inferred from conduct and/or a continuing pattern of false statements or omissions).

This appears to meet Plaintiff's initial burden of showing "the absence of a genuine issue of material fact" as to the essential elements of the Defendant-Debtor's case. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554. The Sixth Circuit has specifically held that this burden can be met where the respondent, having had sufficient opportunity for discovery, has no evidence to support their case. *See*, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Here, the parties agreed

to a scheduling Order that discovery was to be completed by May 30, 2017. [Adv. Case No. 16-3140, Doc. #13]. Defendant-Debtor's Response [Doc. #20] does not cite to any of the record evidence submitted by Plaintiff, nor were any affidavits submitted. "The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Street*, 886 F.2d at 1497 (quotation omitted).

Finally, as the *Street* decision specifically held, "[c]ases involving state of mind issues are not necessarily inappropriate for summary judgment." *Id*. However, deciding state of mind issues on summary judgment requires sufficient proof. *Id*. Intent may be decided at the summary judgment stage when the evidence is so one sided that reasonable minds could not differ as to the only rational outcome. *See*, *Nurick v. Burke* (*In re Burke*), 523 B.R. 765, 770-71 (Bankr. E.D. Pa. 2015) (citing cases). Because of the clear record of the concealment of Defendant-Debtor's ownership of the Mustang through failing to list it and then claiming it was owned by a friend - only to then subsequently admit that he did, in fact, own the vehicle - this is one of those "one sided" cases. Particularly where there are no contradictory affidavits or citations to the record that raise a genuine issue of material fact, and where other omissions, such as Mr. Beatty's failure to list his interest in Beatty Enterprises, LLC and the two transfers of Sandusky real estate, make the bare suggestion of it all being a "mistake" untenable. Accordingly, the court grants summary judgment on Plaintiff's 11 U.S.C. §727(a)(2) claim.

### III. 11 U.S.C. § 727(a)(4)(A)

A prerequisite to the privilege of discharge is complete financial disclosure. *Keeney*, 227 F.3d at 685. Thus, under § 727(a)(4)(A), a debtor will be denied a discharge if "the debtor knowingly and fraudulently, in or in connection with the case...made a false oath or account[.]" In order to prevail, a plaintiff must prove, by a preponderance of the evidence that:

> 1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case.

*Id*. at 685.

The Sixth Circuit explained fraudulent intent as contemplated under this section as follows:

> [I]ntent to defraud "involves a material representation that you know to be false, or,

what amounts to the same thing, an omission that you know will create an erroneous impression." *In re Chavin*, 150 F.3d 726, 728 (7th Cir.1998). A reckless disregard as to whether a representation is true will also satisfy the intent requirement. *See Id.* "'[C]ourts may deduce fraudulent intent from all the facts and circumstances of a case.'" *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 252 (4th Cir.1987) (citation omitted). However, a debtor is entitled to discharge if false information is the result of mistake or inadvertence.

*Id.* at 685-86; *see also, Gandy v. Schuchardt* (*In re Gandy*), 645 Fed.Appx. 348 (6th Cir. 2016). A false oath is material if it "'bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property.'" *Keeney*, 227 F.3d at 686 (quoting *Beaubouef*, 966 F.2d at 178); *Gandy*, 645 Fed.Appx. at 354. The threshold for materiality is fairly low. *Premier Capital, LLC v Crawford (In re Crawford)*, 841 F.3d 1, 8 (1st Cir. 2016); *In re Sears*, 246 B.R. 341, 347 (B.A.P. 8th Cir. 2000).

"The fundamental purpose of § 727(a)(4)(A) is to insure that the trustee and creditors have accurate information without having to do costly investigations." *U.S. Trustee v. Zhang (In re Zhang)*, 463 B.R. 66, 86 (Bankr. S.D. Ohio 2012); *see also, Tully*, 818 F.2d at 110 (1st Cir. 1987) ("Neither the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight."). A bankruptcy trustee has neither the time nor the resources to conduct an in-depth review of each and every debtor, necessitating accurate initial disclosures as a key feature of the U.S. bankruptcy system. *Carlucci & Legum v. Murray (In re Murray)*, 249 B.R. 223, 230 (E.D.N.Y. 2000); *Roudebush v. Sharp (In re Sharp)*, 244 B.R. 889, 891–92 (Bankr. E.D. Mich. 2000).

Statements in bankruptcy schedules and at 341 meetings are given under penalty of perjury. *Hamo*, 233 B.R. at 725; *Zhang*, 463 B.R. at 86; *Ayers v. Babb (In re Babb)*, 358 B.R. 343, 355 (Bankr. E.D.Tenn. 2006). Statements made during Rule 2004 examination are also made under oath. *Noland v. Johnson* (*In re Johnson)*, 387 B.R. 728, 743 (Bankr. S.D. Ohio 2008); *Babb*, 358 B.R. at 355. Thus, any false statement made by the debtor in the debtor's schedules, at a creditors' meeting held pursuant to § 341, or during a 2004 examination or deposition relating to the debtor's assets and financial circumstances, could potentially lead to denial of a debtor's discharge under § 727(a)(4)(A) if all of the required elements to establish that exception are proven.

Courts have noted that there are only subtle differences between (a)(4)(A) and (a)(2): one requires a false oath, and the other requires the concealment of property. *Burke*, 523 B.R. at 770.

9

"Under both statutory provisions, a plaintiff is required to show that there was a failure to disclose and that the omission was the product of the Debtor's fraudulent intent." *Id.* "If the Plaintiffs can prove that the Debtors omitted material assets from their schedules, materially undervalued their disclosed assets or failed to disclose material pre-petition transfers, the Debtors' discharge should be denied under either or both § 727(a)(2) or (4)." *Id.* at 770-71.

Here, the court finds that Plaintiff has carried its burden of establishing all five *Keeney* elements. First, Defendant-Debtor omitted the Mustang from Schedules filed under penalty of perjury and provided testimony regarding the Mustang while under oath at the 341 hearing. [Doc. #19, Pl. Ex. 3, pp. 16-18]. Second, Defendant-Debtor falsely testified that the Mustang belonged to a friend. [*Id.*, p. 17]. Third, Defendant-Debtor knew that his testimony was false because Defendant-Debtor admitted that he was the Mustang's owner shortly after claiming that it belonged to a friend. [*Id.*].

As for the fourth *Keeney* element, this court has already found that Defendant-Debtor demonstrated fraudulent intent under § 727(a)(2) and "fraudulent intent under [§ 727(a)(4)(A)] is practically identical." *McDermott v. Capra (In re Capra)*, No 16-1010, 2016 WL 5106994, at *10, 2016 Bankr. LEXIS 3410, at *29 (Bankr. N.D. Ohio Sept. 19, 2016). Similarly, another Ohio court has ruled that "the standard necessary to support a finding of knowingly making a false statement with the intent to defraud [under § 727(a)(4)(A)] is, for all practicable purposes, identical to the standard required to support a finding of fraudulent intent under § 727(a)(2)." *In re Newell*, 321 B.R. 885, 892 (Bankr. N.D. Ohio 2005); *see also*, *Giansante & Cobb, LLC v. Singh (In re Singh)*, 433 B.R. 139, 160 (Bankr. E.D. Pa. 2010). Particularly when viewed in concert with Defendant-Debtor's numerous other omissions from the Petition, the court finds that Defendant-Debtor's false testimony regarding the Mustang demonstrates that Defendant-Debtor intended to defraud creditors while availing himself of bankruptcy protection. [Doc. #19, Pl. Ex. 3, pp. 16-18].

Plaintiff has also established the fifth *Keeney* element of materiality given that Defendant-Debtor's testimony regarding the Mustang "bears a relationship to the [Defendant-Debtor's] business or estate" and "concerns the discovery of assets." *Keeney*, 227 F.3d at 686 (quotations omitted); *Gandy*, 645 Fed.Appx. at 354.

Thus, Plaintiff has proven all five *Keeney* elements by a preponderance of the evidence, even viewing the evidence in the light most favorable to the Defendant-Debtor. Accordingly, Defendant-

Debtor's discharge will be denied under § 727(a)(4)(A) as well.

**IV. 11 U.S.C. § 727(a)(5)**

Another component of the Bankruptcy Code's emphasis on full and honest disclosure as prerequisite to the relief of discharge deals in the debtor's ability to explain any substantial loss of assets incurred during the lead-up to filing a petition. 11 U.S.C. § 727(a)(5). Section 727(a)(5) provides for a denial of discharge where "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." *Id.* The failure to satisfactorily explain what happened to monies withdrawn from business accounts has been held sufficient to deny a discharge under § 727(a)(5). *See e.g.*, *Massachusetts v. Bartel (In re Bartel)*, No. 07-01019, 2009 WL 2461727, at *13-*14, 2009 Bankr. LEXIS 2175, at *38-*40 (Bankr. D. Mass. Aug. 10, 2009).

In order to prevail on a claim brought under this section, the plaintiff "has the burden to identify assets which the debtor at one time owned and claims, in his schedules, to no longer possess." *Crocker v. Stiff* (*In re Stiff*), 512 B.R. 893, 900 (Bankr. E.D. Ky. 2014) (citation omitted). Notably, a plaintiff need not demonstrate wrongful intent on the part of the debtor in order to prevail on a § 727(a)(5) claim. *See, Smith v. Morse* (*In re Morse*), 550 B.R. 338, 361-62 (Bankr. E.D. Tenn. 2016); *Baker v. Reed* (*In re Reed*), 310 B.R. 363, 368 (Bankr. N.D. Ohio 2004). The *Reed* decision characterized § 727(a)(5) as imposing "strict liability" where a debtor does not provide an adequate explanation for the disposition of the assets in issue. 310 B.R. at 368.

A debtor's explanation pursuant to a § 727(a)(5) claim, while not necessarily needing to be comprehensive, must be "satisfactory." *Stiff*, 512 B.R. at 900. Here, Plaintiff established that Defendant-Debtor withdrew a total of $264,130.00 from owned business entities, Broadview Construction, LLC and Broadview Builders, Ltd., during the two year follow-up to the filing of his Petition. [Doc. #19, Pl. Ex. 4, p. 90, Pl. Ex. 8]. Plaintiff further established that Defendant-Debtor's 2014 and 2015 tax returns report an income of $302,408.00. [*Id.*, Pl. Ex. 4, p. 90-93, Pl. Ex. 10, 11]. When questioned as to the withdrawals and sizable reported income, Defendant-Debtor failed to provide any documentation or even a generalized oral explanation. [*Id.*, Pl. Ex. 4, p. 90]. Without a proper explanation, Defendant-Debtor appears to have engaged in a prolonged divestiture of Broadview Construction, LLC and Broadview Builders, Ltd.'s assets by

making personal withdrawals that he has not accounted for in his depositions, or in any affidavit or citation to the record in his response.

Though Defendant-Debtor's response asserts that there is no proof that his financial records are not on par with other similarly situated sole proprietorships, this argument cannot prevail where there is no explanation[2] regarding the disposition of assets. While there is case law that supports a "sliding scale" analysis based on a debtor's level of sophistication[3] regarding what explanations will be found satisfactory, this analysis of the adequacy of the explanation cannot come into play where, as is the case here, there is a complete absence of any explanation at all. *See e.g.*, *Associated Receivables Funding, Inc. V. O'Donnell (In re O'Donnell)*, 523 B.R. 308, 328 (Bankr. D. Mass. 2014); *Marshack v. Park* (*In re Park*), No. 8:07-ap-1034, 2008 WL 2513735, at *2, 2008 Bankr. LEXIS 4858, at *7 (Bankr. C.D. Cal. June 20, 2008).

Thus, the unexplained loss of assets violates § 727(a)(5) and Plaintiff accordingly prevails on its claim.

## CONCLUSION

For all of the foregoing reasons, the court finds that Plaintiff has met its burden of proving that Defendant-Debtor 1) attempted to conceal ownership of a Ford Mustang under 11 U.S.C. § 727(a)(2); 2) made a false oath at the 341 meeting pertaining to ownership of the Ford Mustang under 11 U.S.C. § 727(a)(4)(A); and 3) failed to satisfactorily explain the disposition of $264,130.00 withdrawn from accounts of his wholly owned business entities under 11 U.S.C. § 727(a)(5).

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. # 19] be, and hereby is, **GRANTED.** The court will enter a separate judgment in accordance with this Memorandum of Decision and Order.

### 

---

[2] This is not a case where the Debtor-Defendant has asserted a Fifth Amendment privilege. *See*, 11 U.S.C. § 727(a)(6)(c); *In re Moses*, 792 F.Supp. 529, 534-35 (E.D. Mich. 1992).

[3] *See e.g.*, *Beneficial Mortg. Co. v. Craig* (*In re Craig*), 140 B.R. 454, 459 (Bankr. N.D. Ohio 1992).